MEMORANDUM OPINION




No. 04-02-00667-CR



Ricardo VARGAS,


Appellant



v.



The STATE of Texas,


Appellee



From the 229th Judicial District Court, Duval County, Texas


Trial Court No. 01-CR-20


Honorable Ricardo H. Garcia, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Karen Angelini, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: May 7, 2003


AFFIRMED

 Ricardo Vargas ("Vargas") was convicted by a jury of unlawful restraint of a child. In his first
two issues, Vargas alleges the trial court erred by denying his request for a jury shuffle and by
admitting extraneous offense evidence. In his third issue, Vargas claims his trial counsel was
ineffective in failing to file a request for the jury to assess punishment. Because the issues in this
appeal are settled by existing precedent, we affirm the trial court's judgment in this memorandum
opinion. See Tex. R. App. P. 47.4.

1. In his first point of error, Vargas claims that the trial court erred when it denied his request
for a jury shuffle. The request was denied because the State had already requested and been granted
a shuffle. Vargas contends the shuffle requested by the State was performed before he had a chance
to see the panel seated in order. "The jury shuffle is designed to ensure the compilation of a random
list of jurors. Either party can ask for a shuffle, and only one shuffle is required, regardless of which
party makes the request." Ford v. State, 73 S.W.3d 923, 926 (Tex. Crim. App. 2002). Even
assuming Vargas wanted to view the panel seated in order before deciding to request a jury shuffle,
nothing prevented the State from making its request for the shuffle, and "only one shuffle is required."
Id. Furthermore, even if we were to hold the trial court erred in denying Vargas's request for a jury
shuffle, the error would be harmless because nothing in the record indicates that the "process of
assembling a jury panel was subverted in some fashion to achieve a nonrandom listing of the venire."
Id.

2. In his second point of error, Vargas contends that the trial court erred in admitting extraneous
offense evidence. Vargas's defensive theory was that the complainant was lying. Generally, evidence
of extraneous acts is not admissible to prove that a defendant has a criminal character and has acted
in conformity with that character. Tex. R. Evid. 404(b). Extraneous offense evidence may be
admitted, however, to refute a defensive theory of the case raised by the accused. Robbins v. State,
88 S.W.3d 256, 258 (Tex. Crim. App. 2002).

 Vargas called a witness, Cynthia Garza, who testified that the complainant told her that she
had lied to police about what happened because she was afraid her mother would be angry. In
response, the State called Cynthia Garza's daughter, Belen, who was a friend of the complainant.
Belen denied that the complainant ever told Cynthia that she had lied to the police and also testified
that Vargas attempted to persuade her to tell a story similar to Cynthia's. This testimony was
admissible because it refuted Vargas's theory that the complainant was lying. In addition, the State
also called Rogelio Cantu who testified that Vargas had asked him to have his wife contact the
complainant to ask her not to show up for trial. This testimony raises an inference that Vargas did
not want the complainant to testify because she was not lying about what happened, thereby refuting
Vargas's defensive theory. Accordingly, the trial court did not err in admitting the testimony of Belen
and Cantu.

3. In his third point of error, Vargas claims ineffective assistance of counsel by his first appointed
trial counsel. The trial court retained the jury after Vargas was found guilty of unlawful restraint of
a child, believing that the jury would assess punishment. A motion requesting that the jury assess
punishment, however, had never been filed. Vargas told the trial court that he had asked the
previous trial counsel to file the motion. The trial court dismissed the jury and assessed punishment
at fifteen years confinement taking into consideration Vargas's nine prior felony convictions.

 Vargas contends that the jury would have given him the minimum two year sentence because
the jury only convicted him of a lesser included offense, showing that the jury had serious doubts
about his culpability in the incident. To prevail on a claim of ineffective assistance of counsel, Vargas
must show that the act or omission of his counsel fell below the wide range of reasonable professional
assistance, and that but for the deficiency, there is a reasonable probability the outcome would have
been different. Strickland v. Washington, 466 U.S. 668, 690 (1984). Trial counsel is given wide
discretion in using his professional judgment regarding decisions which may not produce a successful
outcome. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Although a single
egregious error by trial counsel may be sufficient to constitute ineffective assistance, such an error
must be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Id. at 812, 814.

 In this case, the record is silent as to whether or not the failure to file a motion requesting that
the jury assess punishment was a strategic decision on the part of trial counsel or merely a negligent
omission. Vargas's motion for new trial did not raise ineffective assistance as an issue, and his original
trial counsel was not questioned regarding the omission. Because the record is silent with regard to
the reason trial counsel did not file a jury request, the presumption that Vargas's original trial counsel
acted within the wide range of professional competence has not been defeated. See Thompson, 9
S.W.3d at 814. "Recourse for [Vargas's] claim is still available" because Vargas "can resubmit his
claim via an application for writ of habeas corpus," which "would provide an opportunity to conduct
a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions at that
juncture of trial." Id. at 814-15.

 The trial court's judgment is affirmed.


 Alma L. López, Chief Justice


DO NOT PUBLISH